**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Luis Armando Cardona MACIAS,**
**Defendant–Appellant.**

**No. 11–50201**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 2011.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Mark Randolph Stelmach, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

John David Gates, Esq., El Paso, TX, for Defendant–Appellant.

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Luis Armando Cardona Macias (Cardona) pleaded guilty

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

to conspiracy to import 100 kilograms or more of marijuana, importation of 100 kilograms or more of marijuana, conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana, and possession with the intent to distribute 100 kilograms or more of marijuana. Cardona was sentenced to four concurrent terms of 63 months of imprisonment, to be followed by a total of four years of supervised release. On appeal, Cardona contends that his guilty plea was not knowing and voluntary because the district court plainly erred in failing to advise him of (1) the mandatory minimum sentence, (2) the effects of supervised release, (3) the right to persist in a plea of not guilty, and (4) the right to compel the attendance of witnesses.

As Cardona did not object to these violations of Federal Rule of Criminal Procedure 11 in the district court, we review his assertions for plain error. *See United States v. Vonn,* 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). At the rearraignment proceeding, the district court informed Cardona that he faced a maximum possible sentence of "incarceration of 5 to 40 years." Although the district court's statement could have been more precisely phrased, it was sufficient to put Cardona on notice that he faced a mandatory minimum sentence of five years of imprisonment. Additionally, the presentence report reflected the five-year mandatory minimum sentence, yet Cardona did not seek to withdraw his guilty plea after the disclosure of the presentence report. Moreover, Cardona fails to show that there is a reasonable probability that he would not have pleaded guilty but for this alleged error. *See United States v. Dominguez*

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

*Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004).

Because Rule 11 does not require the district court to inform a defendant of the effect of supervised release, and Cardona has not otherwise demonstrated a reasonable probability that, but for any error by the district court, he would not have pleaded guilty, he has not shown that the district court committed plain error or that his plea was not made knowingly and voluntarily. *See Dominguez Benitez,* 542 U.S. at 83, 124 S.Ct. 2333; *Vonn,* 535 U.S. at 59, 122 S.Ct. 1043.

Accordingly, the judgment of the district court is AFFIRMED.